UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MICHAEL CORA,

                                    Plaintiff,

                    -against-

CITY OF NEW YORK; Detective DAVID
COWAN, Shield No. 1558; Detective VICTOR
MAURO, Shield No. 2361; and JOHN and
JANE DOE 1 through 10, individually and in
their official capacities (the names John and Jane
Doe being fictitious, as the true names are
presently unknown),

                                    Defendants.
-------------------------------------------------------------X

**COMPLAINT**

Jury Trial Demanded

14 CV 2454

     Plaintiff, by his attorneys, Harvis Wright & Fett LLP, alleges the following,

upon information and belief, as his Complaint:

## NATURE OF THE ACTION

     1.    This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

     2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United

States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

6.     Plaintiff demands a trial by jury in this action.

## PARTIES

7.     Plaintiff Michael Cora ("plaintiff" or "Mr. Cora") is a resident of Kings County in the City and State of New York.

8.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.     Defendant Detective David Cowan, Shield 1558, was at all times relevant herein an officer, employee and agent acting within the scope of his employment with the NYPD.  Defendant Cowan is sued in his individual and official capacity.

10.     Defendant Detective Victor Mauro, Shield 2361, was at all times relevant herein an officer, employee and agent acting within the scope of his employment with the NYPD.  Defendants Mauro is sued in his individual and official capacity.

11.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.     At all times relevant herein, all individual defendants were acting under color of state law.

## NOTICE OF CLAIM

14.     On or about October 17, 2013, and within ninety days after the claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

15.     The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

16.     The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and damage and injuries claimed to have been sustained.

17.     The New York City Comptroller's Office assigned the case claim number 2013PI027205.

18.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

19.     This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

## STATEMENT OF FACTS

20.     At approximately 5:30 p.m. on July 19, 2013, by Bartlett Park at and around Throop Avenue between Flushing Avenue and Harrison Street in Brooklyn, New York, the individual defendants unlawfully accosted and arrested plaintiff, and thereafter jailed and prosecuted him until the charges were dismissed on or about August 12, 2013.

21.     At around that time and place, police personnel employed by the City of New York, including one or more of the individual defendants, approached Mr. Cora

claiming that he fit the description of someone reported to possess a gun.

22.     Upon information and belief, no such report had been made and such claim was a pretext for detaining and searching Mr. Cora.

23.     When Mr. Cora assured the officers that he did not have a gun, defendants grabbed him and thrust him against the fence of Bartlett Park.  One or more of the individual defendants pat frisked plaintiff and went into Mr. Cora's pockets and wallet.

24.     A defendant believed to be defendant Cowan found sealed packets of suboxone together with the prescription for the medication.

25.     Defendant Cowan discarded the prescription and threatened Mr. Cora with a year in jail.

26.     Defendant Cowan handcuffed Mr. Cora purposefully tightly, causing pain and numbness to both hands.

27.     Plaintiff was placed in a police van and, before being brought to a Precinct Stationhouse for arrest processing, ridden around for approximately two hours while defendant Cowan and the others sought to make additional arrests.

28.     While at a Precinct Stationhouse, Mr. Cora was strip-searched by, upon information and belief, defendant Mauro.  Mr. Cora was forced to disrobe, squat, and cough, and his clothing was checked for contraband.  None was found.

29.     The individual defendants prepared or allowed to be prepared false police reports accusing Mr. Cora of Criminal Possession of a Controlled Substance in the Seventh Degree, to wit, suboxone which was lawfully prescribed to Mr. Cora and which was found on his person in factory sealed wrappers and with a prescription.

30.     Defendants Cowan and Mauro thereafter made, and defendant Doe and other Police Department employees allowed them to make, false statements to the Kings County District Attorney's Office.

31.     The misrepresentations caused plaintiff to be prosecuted under Kings County Criminal Court Docket Number 2013KN055516 on the false charge of Controlled Substance in the Seventh Degree (P.L. §220.03, an A Misdemeanor punishable by up to one year in jail).

32.     Mr. Cora was arraigned and, after being jailed approximately twenty-four hours, released.  Plaintiff was required, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court to defend against the false charge.

33.     Mr. Cora appeared in Criminal Court on August 5, 2013 and again on August 12, 2013, when the prosecution was dismissed.

34.     The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful arrest, jailing, and prosecution of Mr. Cora.

35.     The individual defendants' acts and omissions caused Mr. Cora to suffer loss of liberty, mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.

34.     The individual defendants, at all times relevant, in arresting, using force on, and imprisoning the plaintiff, and in offering false evidence to the District Attorney and Criminal Court Judges, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

### FIRST CLAIM
### Unlawful Stop and Search

35.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

37.     As a direct and proximate result of this unlawful conduct, plaintiff sustained damages herein before alleged.

## SECOND CLAIM
**False Arrest**

38.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

40.      As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## THIRD CLAIM
**State Law False Imprisonment and False Arrest**

41.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

43.     Plaintiff was conscious of his confinement.

44.     Plaintiff did not consent to his confinement.

45.     Plaintiff's confinement was not otherwise privileged.

46.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

47.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

### FOURTH CLAIM
**Unlawful Strip Search**

48.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.     The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

50.     As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

### FIFTH CLAIM
**Malicious Prosecution**

48.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.     By the conduct described herein, the individual defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of Mr. Cora's constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

50.     The defendants commenced or allowed the commencement of a Criminal Court proceeding against Mr. Cora without probable cause and with actual

malice.  Plaintiff was required, under threat of issuance of an arrest warrant and of arrest, to appear in Court two times after his arraignment until the prosecution terminated in Mr. Cora's favor.

51.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## SIXTH CLAIM
### State Law Malicious Prosecution

52.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.     By their conduct, as described herein, defendants are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

54.     Defendants maliciously commenced criminal proceeding against plaintiff, falsely and without probable cause charging plaintiff with violations of the laws of the State of New York.

55.     The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

56.     All charges were terminated in plaintiff's favor.

57.     Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff.  Defendant City of New York,

as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

51.   As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## SEVENTH CLAIM
### Denial Of Constitutional Right To Fair Trial

52.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53.   The individual defendants created false evidence against plaintiff.

54.   The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

55.   In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

56.   As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## EIGHTH CLAIM
### State Law Assault and Battery

57.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58.    By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

59.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

60.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained damages alleged herein.

## NINTH CLAIM
### Negligent Hiring, Training and Retention

61.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62.    The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to screen, assign, train, supervise, monitor, or discipline its law enforcement personnel, including assigning, training, supervising, monitoring, or disciplining individual Police personnel who unlawfully arrest, assault, and make false allegations.

63.   The defendant City of New York's failure properly to assign, train, supervise, monitor, or discipline its Police, including the Police Officers involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional arrests, uses of force, and lodging of false allegations, and allowed the individual defendants to believe that they could with impunity abuse, arrest, and prosecute Mr. Cora.

64.   Defendant City's negligence in screening, hiring, training, disciplining, monitoring, and retaining this defendant proximately caused plaintiff's injuries.

65.   As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## TENTH CLAIM
### Failure To Intervene

66.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67.   Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

68.   Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

69.     As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

Dated:        April 16, 2014
              New York, New York

              HARVIS WRIGHT & FETT LLP

              _____

              Baree N. Fett
              305 Broadway, 14th Floor
              New York, New York 10007
              (212) 323-6880
              bfett@hwandf.com

              *Attorneys for plaintiff*